UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| GREGG MATTHEW HEADRICK,<br><br>Plaintiff,<br><br>vs.<br><br>DR. BARATZ, MAYO BUILDING 1; RAMONA KAUK, HUMAN SERVICE DEPT FOR BLIND; SOCIA L SECURITY, FRANSISCAN SCHEMP MENTAL HOSPITAL, SOCIAL SECURITY DEPT OF SOCIAL WORK, AVERA BEHAVORIAL HEALTH, JOHN ERPENBACH, DR. FULLER, DONNA OSMET, DR. KENALLI, BROOKINGS GUIDANCE CENTER, FLANDREAU GUIDANCE CENTER, MANKATO STATE UNIVERSITY, DR. KEN MCDONALD, VOCTIONAL REHABILITATION; DR. FRAN MCDONALD, LIBRARY SCIENCE; DR. BIRGHAM, LIBRARY SCIENCE; DR. ROYAL, DIRECTOR PSYCHOLOGY; RAMSEY COUNTY MENTAL HEALTH, DR. ALICE WAGSTEAD, DR. JAY WILLETT, TERRY, CENTER FOR BEHAVIOR MODIFICATION, STAFF, BETTY OLSEN, ROBBINSDALE HIGH SCHOOL CETA PSYCHOLOGIST; PICHWICK INTERNATIONAL, MUSICLAND GROUP, AMERICAN CAN COMPANY, UNIVERSITY OF MINNASOTA, DR. MARY ENFIELD, DR. FOLEY, DR. WILSON ANDERSON, PAULA RHOME, PAULA RHOMEJR., DR. RITTER, EYE DEPT.; DR. WOLF, EYE DEPT MEDICAL ARTS; DR. HEINRICKSON, EYE DEPT. MEDICAL ARTS; DR. ZARLING, NUROLOGY; GENE IPSEN, VOCATIONAL REHABILITATION; UNIVERSITY OF CHICAGO, ANN IVEY, | 3:18-CV-03016-RAL<br><br><br><br>ORDER DISMISSING CASE |

| LEARNING DISABILITIES; OPTOMETRY, VOCATIONAL REHABILITATION, | |
|---|---|
| Defendants. | |

On September 17, 2018, plaintiff Gregg Matthew Headrick, appearing pro se, filed a complaint. Doc. 1. Headrick filed a motion to proceed without payment of fees and requests a court appointed attorney. Docs. 3 and 4.

There is a two-step screening process with in forma pauperis litigants. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982); *see also Key v. Does*, 217 F. Supp. 3d 1006, 1006 (E.D. Ark. 2016). First, district courts must determine whether a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. § 1915(a). *Id.* Second, district courts are to determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). *Id.*

This court may authorize the commencement of suit without prepayment of fees when an applicant files an affidavit stating he is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915. Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the court's discretion. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). "In forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456 (8th Cir. 2000). Considering the information in the financial affidavit, the court finds that Headrick has made the requisite financial showing to proceed in forma pauperis. *See* Doc. 3.

But the inquiry does not end there. Under § 1915, the court must review the claims in the complaint to determine if they are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who has immunity. *See* 28 U.S.C. § 1915(e)(2)(B). A complaint fails to state a claim upon which relief may be granted if

it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions. . ." *Id*. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level. . ." *Id*. When determining whether a complaint fails to state a claim upon which relief may be granted, this court "assumes as true all factual allegations in the pleadings, interpreting them most favorably to the [pleader]." *Magee v. Trustees. Of Hamline Univ.*, 747 F.3d 532, 534-35 (8th Cir. 2014).

Headrick is proceeding pro se and his complaint is therefore entitled to a liberal construction. *Atkinson v. Bohn*, 91 F.3d 1127,1129 (8th Cir. 1996) (per curiam). Although pro se complaints are to be construed liberally, "they must still allege facts sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The court is not required to supply additional facts for a pro se plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. *Id*.

Headrick's complaint is difficult to decipher. Headrick's "statement of claim" begins:

> I currently have Government and Police running my life (Social Security Court – Rochester 20001) I cant [sic] Work, Have Friends, Family not allowed near me even-my elderly Mother. Phone and everything is bugged. A few Friends have to have the Police running their life also because they know me? Ramona has things she can do about it, but wants counceling [sic] people to do it. Eye Doctor Baratz, at Mayo Rochester will personally send me to Mayo Mental Health, but wants a court requesting it, not Ramona. I guss [sic] I should just go over there and beat her up. That will get her and Dr Baratz together in court. I havn't [sic] worked since March, not paying bills, everyone mad at me about it.

Doc. 1 at 5. As relief, Headrick requests:

> Let me work have my friend back and renumeration [sic] for what was taken from me in my life. Stop the crap of trying to kill my friend, becau [sic] they know me. Let me do the entertainment things I do. It bothers know [sic] one.

*Id.* at 4. Headrick names numerous defendants but fails to explain how each defendant violated his rights. As such, Headrick's allegations lack the context necessary to allow the court to decipher the factual basis of plaintiff's claims and the potential basis for this court's jurisdiction. Headrick's complaint fails to state a claim upon which relief may be granted. The Complaint should, therefore, be dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and §1915A(b)(1). Accordingly, it is

ORDERED that Headrick's motion to proceed in forma pauperis (Doc. 3) is granted.

IT IS FURTHER ORDERED that Headrick's complaint is dismissed without prejudice.

IT IS FURTHER ORDERED that Headrick's motion to appoint counsel is denied as moot (Doc. 4).

DATED December _6th_, 2018.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE